UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PRAVEEN PRASAD, et al., | : | CIVIL ACTION NO. 06-648 (MLC) |
|  | : |  |
| Plaintiffs, | : | **O R D E R** |
|  | : |  |
| v. | : |  |
|  | : |  |
| COLD STONE CREAMERY, INC., | : |  |
| et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**THE DEFENDANTS** having moved, <u>inter alia</u>, to strike the jury
demand of the plaintiff CC Commercial Holdings, Inc. ("CCCHI")
(dkt. entry no. 27); and the defendants arguing that they and
CCCHI entered into a franchise agreement ("Agreement") that
included a jury-waiver clause ("Clause") (<u>id.</u>); and this Court,
on review of the Agreement, noting that the Clause begins as
follows:

> **30.  Arbitration.**  If any controversy or dispute arises
> between the parties in connection with the performance,
> interpretation or application of this Agreement, the
> controversy or dispute will be settled by binding
> arbitration, except for controversies or disputes where
> provisional or injunctive relief is sought (as provided
> in this Agreement)

(dkt. entry no. 27, Becker Cert., Ex. A, Agmt., at 30); and CCCHI
having opposed the part of the motion seeking to strike its jury
demand (dkt. entry nos. 31-33), arguing that (1) it had no
ability to negotiate the terms of the Agreement, (2) it was newly
formed by individuals with no business experience, and (3) the

Clause did not appear until the thirtieth page of the Agreement (dkt. entry no. 33, Pl. Br.); but CCCHI having admitted that the plaintiff Praveen Prasad — the CCCHI officer who signed the Agreement on its behalf — (1) has "degrees in industrial engineering and technology management", and (2) is the spouse of another officer, the plaintiff Susan Prasad (dkt. entry no. 31, Praveen Prasad Decl., at 2); and

**THE MAGISTRATE JUDGE**, in an order, having granted the part of the motion seeking to strike CCCHI's jury demand, as CCCHI:

> did knowingly and willingly waive its right to a jury trial because (1) there was no disparity in bargaining power between the franchisor and the franchisee, (2) although it was a newly formed entity, it was a sufficiently sophisticated party, and (3) even though there was no opportunity to negotiate the terms of the contract, the jury waiver provision contained in the Franchise Agreements was in bold and was conspicuous

("Magistrate Judge Order") (dkt. entry no. 39); and CCCHI appealing from so much of the Magistrate Judge Order that granted the part of the motion seeking to strike its jury demand (dkt. entry nos. 43-53), see Fed.R.Civ.P. 72, L.Civ.R. 72.1; and

**IT APPEARING** that this Court may modify, vacate, or reverse the Magistrate Judge Order if the order is clearly erroneous or contrary to law, see Koch Materials Co. v. Shore Slurry Seal, 216 F.R.D. 301, 303 (D.N.J. 2003); and it further appearing that (1) "a finding is clearly erroneous when although there is evidence

2

to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed", and (2) a "ruling is contrary to law if the Magistrate Judge has misinterpreted or misapplied applicable law", <u>id.</u> at 304 (quotes and cites omitted); and

**THE COURT** having carefully reviewed and considered the papers submitted by the parties and the Magistrate Judge Order; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and

**IT APPEARING** that CCCHI fails to rebut the defendants' showing that there was equal bargaining power between CCCHI and the defendants, as CCCHI does not — and probably could not — argue that it was not free to reject the deal at issue before executing the Agreement (<u>see</u> Pl. Br., at 11 (conceding CCCHI "could have 'walked away' from the opportunity")); and it further appearing to this Court that the Clause is conspicuous and presented in plain language; and it further appearing that the Agreement was not one-sided, as (1) both CCCHI and the defendants waived their rights to a demand for a jury trial, and (2) the officer executing the Agreement on behalf of CCCHI was educated, and thus sophisticated enough to understand the implications of the Clause; and it further appearing that the location of the Clause on thirtieth page of the Agreement is of no moment, as (1) all parts of a contract are important and cannot go on the first

3

page, and (2) there is only one page of text in between the Clause and the signature page, thereby making the Clause all the more conspicuous to the reader (see Agmt., at 30-32); and thus this Court concluding that CCCHI has failed to demonstrate that the Magistrate Judge Order was clearly erroneous or contrary to law; and for good cause appearing;

   **IT IS THEREFORE** on this        30th        day of June, 2008
**ORDERED** that so much of the order of the Magistrate Judge that
granted the part of the defendants' motion to strike the jury
demand of the plaintiff CC Commercial Holdings, Inc. (dkt. entry
no. 39), from which the plaintiff CC Commercial Holdings, Inc.,
appeals (dkt. entry no. 43), is **AFFIRMED;** and

   **IT IS FURTHER ORDERED** that the Clerk of the Court designate
the appeal (dkt. entry no. 43) as **TERMINATED.**


                              ___s/ Mary L. Cooper_____
                              **MARY L. COOPER**
                              United States District Judge